# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**SHYHEIM TYSON** | Crim. No. 18-612 (KM)<br><br>**MEMORANDUM & ORDER** |

On January 7, 2017, I sentenced the defendant, Shyheim Tyson, to 37 months' imprisonment on firearms charges. At the time, two state charges were pending, but sentence had not yet been imposed. Now before the Court is the defendant's letter application (DE 44) to amend the judgment to provide that the federal sentence shall run concurrently with the subsequently-imposed sentences on those state charges. The government has filed a letter response (DE 45) opposing the application on jurisdictional grounds.

A federal "court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007) (per curiam) (citation omitted); *see also Dillion v. United States*, 560 U.S. 817, 819 (2010). I agree with the government that I now lack jurisdiction to alter the judgment. (*See* DE 45 (citing 18 U.S.C. § 3582; *United States v. Sharpe*, 554 F. App'x 123 (3d Cir. 2014); *United States v. Mendez*, Crim. No. 13-235 WJM, 2018 WL 1919952 (D.N.J. April 24, 2018); *United States v. Thompson*, Crim. No. 12-194, 2017 WL 4418457 (M.D. Pa. October 5, 2017)). I add that this is not a motion brought timely within 14 days under Fed. R. Crim. P. 35(a). Nor is it a motion to correct clerical error which may be filed at any time under Fed. R. Crim. P. 36; the written judgment accurately reflects the sentence as it was imposed orally.

At this point, the matter is in the hands of the Bureau of Prisons, which will compute the running of the defendant's sentence. Any objection to that calculation should be pursued, at least initially, by exhausting all administrative remedies before the BOP. *See Mendez, supra* (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

IT IS THEREFORE this 21st day of February, 2019

ORDERED that the defendant's letter application (DE 44) to amend the judgment is DENIED for lack of jurisdiction.

**KEVIN MCNULTY**
**United States District Judge**